**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

UNITED STATES OF AMERICA,

-against-

JAMES THOMAS,

Defendant.

-------------------------------------------------------x

**MEMORANDUM AND ORDER ADOPTING REPORT & RECOMMENDATION**

12-CR-275 (DLI) (MDG)

**DORA L. IRIZARRY, Chief Judge:**

On January 5, 2001, James Thomas ("Defendant") was convicted, upon his plea of guilty, of conspiracy to possess with intent to distribution cocaine base.[1] After completing the custodial portion of a sentence, Defendant commenced a five-year term of supervised release that he was scheduled to complete on October 23, 2013. However, Defendant violated the terms of his sentence of supervised release. On March 7, 2013, the Court sentenced Defendant to an additional year of supervised release. (*See* Violation of Supervised Release Order as to James Thomas, Dkt. Entry No. 17.)

On February 14, 2014, Defendant was charged with seven violations of the conditions of his supervised release ("VOSR"), stemming from his arrest for various narcotics offenses after the execution of a search warrant by the Binghamton City, New York Police Department. (*See generally* Violation of Supervised Release Report ("VOSR Report"), Dkt. Entry No. 29.) On May 14, 2014, the Court referred the matter to the Honorable Marilyn D. Go, United States Magistrate Judge, for a hearing and to issue a report and recommendation.

On July 15, 2014, the magistrate judge conducted a hearing on the alleged violations. (*See* July 15, 2014 Hearing Transcript ("Tr.").) On August 29, 2014, the magistrate judge issued a

---

[1] Familiarity with the facts and circumstances of this case by the parties is assumed.

Report and Recommendation (the "R & R"), recommending that the Court find Defendant guilty of Charges Two through Seven of the VOSR Report. (*See* generally R & R, Dkt. Entry No. 52.) Defendant timely objected to the R & R (*see* Defendant's Objections to R & R ("Def. Obj."), Dkt. Entry No. 53), which the Government opposed (*see* Government's Opp'n. to Def. Obj., Dkt. Entry No. 54).

On November 15, 2015, the government advised the Court that, on October 9, 2015, Defendant was found guilty by jury trial of all counts in the state case brought for the conduct underlying the seven VSOR charges at issue here. (Report on Offender Under Supervision ("ROUS"), Dkt. Entry No. 66.)[2] In the ROUS, the government noted that the state jury found Defendant guilty for the state offense underlying VOSR Charge One, which the magistrate judge had recommended this Court find the government had not established by a preponderance of the evidence. (*Id.*)

On October 28, 2016, after the Court scheduled a conference on the VOSR, Defendant filed a letter, *pro se*, enclosing what appears to be a draft of his attorney's brief appealing his state conviction. (*See* Letter from J. Thomas to the Court, Dkt. Entry No. 68.) The arguments contained in the draft appellate brief consist of the following: (i) the evidence presented at trial was insufficient; (ii) the state failed to establish a proper chain of custody for certain evidence admitted and other evidence admitted was unduly prejudicial; (iii) the police withheld Brady material until the start of trial; (iv) trial counsel was ineffective; and (v) prosecutors committed misconduct in their preparation of a key witness. (*See* Draft Mem. in Support of State Appeal, Dkt. Entry No. 68-1, 68-2.)

[2] Defendant's counsel in this case indicated that, as of the date of the last conference, Defendant's sentencing in the state case had yet to be scheduled. (Jan. 5, 2017 Tr. at 4.)

Having reviewed the R & R, Defendant's timely objections thereto, and the additional aforementioned materials, the Court adopts the recommendations contained in the R & R in their entirety for the reasons set forth below. Accordingly, Defendant's supervised release is revoked, and a sentencing hearing shall be scheduled by separate order.

## STANDARD OF REVIEW

When a party objects to a report and recommendation, a district judge must make a *de novo* determination with respect to those portions of the report and recommendation to which the party objects. *See* Fed. R. Crim. P. 59(b)(3); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the report and recommendation for clear error. *See Robinson v. Superintendent, Green Haven Corr. Facility*, 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (quoting *Walker v. Vaughan*, 216 F. Supp.2d 290, 292 (S.D.N.Y. 2002)). The district court may then "accept, reject, or modify the recommendation, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## DISCUSSION

### I. Burden of Proof

The magistrate judge correctly set forth the standard as to the government's burden of proof. (*See* R & R at 7.) It is well settled that "[r]evocation proceedings are not deemed part of a criminal prosecution, and, therefore, defendants in such proceedings are not entitled to 'the full panoply of rights' that criminal defendants generally enjoy." *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). At a violation of supervised release hearing, the government must prove the alleged violations of supervised release

by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); Fed. R. Crim. P. 32.1(d); *see also Carthen*, 681 F.3d at 99-100.

## II. Analysis

The Court incorporates the recitation of the facts as provided in the R & R, and will recite the facts of this case only to the extent necessary to explain the Court's ruling. In light of Defendant's timely objections, the Court has undertaken a *de novo* review of the full record. *See* 28 U.S.C. § 636(b)(1).

With respect to Charge One, possession of heroin with intent to sell, the government contends that Defendant is guilty of violating N.Y. Penal Law § 220.16(1), which proscribes "knowingly and unlawfully possess[ing] a narcotic drug with intent to sell it." The magistrate judge recommends that the Court find that the government has failed to prove by a preponderance of the evidence that Defendant had the intent to sell heroin. (*See* R & R at 12-13.) There were no objections to this recommendation.

Upon due consideration, the Court adopts the magistrate judge's well reasoned recommendation. As an initial matter, although the November 15, 2015 ROUS notes that the state jury found Defendant guilty of the conduct underlying Charge One, the government's failure to timely file an objection to this portion of the R & R operates as a waiver of any argument that Defendant should be found guilty of Charge One. *See United States v. Male Juvenile*, 121 F.3d 34, 38-39 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object. The rule is enforced under our supervisory powers and is a nonjurisdictional waiver provision whose violation we may excuse in the interest of justice.") (citations and internal quotation marks omitted). Moreover,

even if the government had objected timely, the R & R sets forth a well reasoned rationale for finding that the government did not meet its burden as to this count during the hearing. Specifically, the magistrate judge found that, "[a]lthough there were several instrumentalities of narcotics trafficking found in the house, there is no evidence that defendant lived there and insufficient evidence that defendant had been in the house long enough to have been involved in selling drugs." (R & R at 12.) Because it is possible, indeed, even likely, that the prosecutors in the state case presented to the jury more compelling evidence regarding Defendant's intent to sell than was presented to the magistrate judge during the July 15, 2014 hearing, the Court accepts the magistrate judge's recommendation to find that the government has not met its burden as to Charge One.

Defendant poses six objections to the R & R, each of which the Court will address in turn. First, Defendant objects to the magistrate judge's finding that Sergeant Hendrickson could see into the bathroom when Sergeant Cower was kicking at the door. (*See* Def. Obj. at 2-3; R & R at 4-5.) After carefully evaluating the testimony of both Sergeant Hendrickson and Sergeant Cower, the magistrate judge found that "the [bathroom] door opened far enough to enable Sgt. Hendrickson to look into the bathroom and see defendant at the toilet to the left of the door." (R & R at 4-5 n3.) Defendant objects to this finding, and notes that "Sergeant Hendrickson was standing behind Sergeant Cower at the time, placing Sergeant Cower between him and the door. . . . Under these circumstances, it appears that Sergeant Hendrickson could not see into the bathroom . . . ." (Def. Obj. at 2.) Defendant does not offer any evidence to discredit Sergeant Hendrickson's testimony as to what he could see. Accordingly, Defendant's first objection is without merit and the magistrate judge's credibility and factual findings will not be disturbed. *See Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (where a magistrate judge conducts an evidentiary hearing and makes

credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings).

Second, with respect to Charge Two, possession of heroin, the government contends that defendant is guilty of violating N.Y. Penal Law § 220.09(1), which prohibits "knowingly and unlawfully possess[ing] one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-eighth ounce or more." The magistrate judge found by "a preponderance of the evidence that when the police arrived at the house and began battering the door, the defendant and [Terrence] Brown fled to the bathroom to dispose of drugs by flushing them down the toilet." (R & R at 9.) Defendant argues that the magistrate judge erroneously concluded that he constructively possessed heroin that was recovered from the bathroom floor. (*See* Def. Obj. at 2.) In support of his argument, Defendant argues that "[m]ere proximity or presence is . . . insufficient to support a finding of constructive possession." (*Id*. (citing *United States v. Gordils*, 982 F.2d 64, 71 (2d Cir.1992).) Further, Defendant argues that it is "more probable . . . that Mr. Brown . . . ran into the bathroom which was already occupied" by Defendant. (*See* Def. Obj. at 3.)

For the reasons set forth in the magistrate judge's R & R, the Court agrees with the finding that "the defendant was not merely present in the bathroom but also had dominion and control over the bathroom where heroin was found." (R & R at 10 (citing *Chalmers v. Mitchell*, 73 F.3d 1262, 1272-73 (2d Cir. 1996).) The credible evidence strongly supports the magistrate judge's finding that, when officers arrived at the house and began battering the door, Defendant and Mr. Brown fled to the bathroom to dispose of drugs by flushing them down the toilet. (*See* R & R at 9.) Defendant's constructive possession of heroin is further supported by the magistrate judge's finding that Mr. Brown positioned himself behind the bathroom door to hold it shut and prevent

the police from entering while Defendant flushed drugs down the toilet. (*Id.* at 9-10.) The Court finds that, under these circumstances, the magistrate judge properly concluded that Mr. Brown and Defendant were "united in purpose in trying to dispose of *all* drugs in the bathroom," including the heroin found on the floor. (*Id.* at 10 (emphasis in original).) Defendant's explanation that the heroin fell out of Mr. Brown's pocket as he stood behind the door and tried to keep it shut, while possibly conceivable, does not account for Defendant's own repeated attempts to flush the toilet, even while Sergeant Cower attempted to place Defendant under arrest. (*See* Tr. at 17-18, 44.) Accordingly, the Court finds that the government has established by a preponderance of the evidence that Defendant violated N.Y. Penal Law § 220.09.

Third, with respect to Charge Three, the government contends that Defendant violated N.Y. Penal Law § 215.40, which prohibits a "person . . . [b]elieving that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, [from] suppress[ing] it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person." The magistrate judge found that Sergeant Cower and Sergeant Hendrickson credibly testified that Defendant "kneeled in front of the toilet in an apparent attempt to empty the contents of a clear plastic baggie into the toilet and flush the toilet." (R & R at 13.)

As discussed above with respect to Charge Two, the magistrate judge also found that the defendant persisted in his effort to flush the toilet, even as Sergeant Cower tried to handcuff him. (*Id*.) Further, the magistrate judge noted that Sergeant Cower credibly and convincingly testified that he observed a clear plastic bag containing rice on the floor of the bathroom to the left of the toilet, and, in his experience, rice is commonly used to package heroin. (*Id*.) In light of the evidence adduced at the hearing, the magistrate judge properly concluded that the "facts

overwhelmingly support an inference that defendant flushed contraband down the toilet in an effort to prevent its recovery by the police." (*Id.* at 13-14.) In response, the defendant contends that there is "no evidence" he tampered with physical evidence sufficient to establish the charged conduct, because there was no "heroin residue" found in, or near, the toilet into which he was observed flushing the contents of a plastic bag. (Def. Obj. at 4.) Defendant's argument is unpersuasive and ignores the weight of the credible evidence. After consideration of the surrounding circumstances, there is simply no reasonable explanation for Defendant's conduct, other than he was destroying evidence. Accordingly, the Court adopts the magistrate judge's recommendation and finds that the government has demonstrated by a preponderance of the evidence that Defendant violated N.Y. Penal Law § 215.40.

Fourth, with respect to Charge Four, the government charges Defendant with violating N.Y. Penal Law § 195.05, which provides that "[a] person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act." The magistrate judge recommends that the Court find that the government has established by a preponderance of the evidence that defendant is guilty of this offense. The Court agrees that the government has met its burden.

The magistrate judge accurately noted that "[t]he evidence presented demonstrates that after the officers gave notice that they were executing a search warrant, defendant intentionally attempted to destroy evidence while Brown attempted to prevent the officers from entering the bathroom by means of physical force." (R & R 14-15.) The evidence also showed Defendant then physically resisted Sergeant Cower's attempts to handcuff him. (Tr. at 17-18.) The Court agrees

with the magistrate judge that "defendant's effort to avoid being handcuffed by Sergeant Cower clearly amounts to a violation of the statute." (*Id.* at 15 (citing *Diehl v. Munro*, 170 F. Supp.2d 311, 319 (N.D.N.Y. 2001).) Defendant's contention that because he was not charged with resisting arrest, whatever resistance he put up did not rise to the level of "physical force" required by the statute (Def. Obj. at 5) is unsupported and meritless. Accordingly, the Court finds that the government has established by a preponderance of the evidence that Defendant is guilty of violating N.Y. Penal Law § 195.05.

With respect to Charge Five, the government contends that Defendant violated the terms of his supervised release by associating with individuals engaged in criminal activity. The magistrate judge noted that Defendant was found in a residence that contained instruments of drug trafficking, heroin, cocaine, and marijuana. (R & R at 15.) Defendant argues that "there is no evidence that drugs or drug paraphernalia were in plain view in the home prior to the entry of the officers, much less evidence that [he] observed any such items." (Def. Obj at 5.) While this may be true, it is far more likely that the other occupants of the house would have tried to hide incriminating evidence rather than place it out in the open when the search began. Regardless, the fact that Defendant barricaded himself in a bathroom with Mr. Brown, whom a confidential informant had identified as a drug seller, and then proceeded to destroy evidence of drug possession, leads the Court to draw the same inference as the magistrate judge that Defendant "had a relationship with Brown prior to the entry of the police and was aware of Brown's criminal activity." (R & R at 16.) Defendant's bald assertion that the above-mentioned evidence is insufficient to support the magistrate judge's finding (Def. Obj. at 5) is unpersuasive. Accordingly, the Court adopts the magistrate judge's recommendation that the government has demonstrated by

a preponderance of the evidence that Defendant violated the terms of his supervised release by associating with individuals engaged in criminal activity.

With respect to Charge Six, the government contends that Defendant violated the terms of his supervised release by leaving this District without the permission of the Probation Department. With respect to Charge Seven, the government contends that Defendant failed to participate in a vocational training program or business classes as directed by the Probation Department in violation of the terms of his supervised release. The magistrate judge recommends that the Court find that the government has established by a preponderance of the evidence that Defendant is guilty of both charges. (R & R at 16-17.) Defendant does not object to this recommendation and instead "rests on the record." (Def. Obj. at 5.) Upon due consideration, the Court adopts magistrate judge's recommendation and finds that the government has demonstrated by a preponderance of the evidence that Defendant violated the terms of his supervised release by leaving this District without permission of the Probation Department and by failing to participate in a vocational training program or business classes.

**[INTENTIONALLY LEFT BLANK]**

## CONCLUSION

After conducting a *de novo* review of the portions of the R & R to which Defendant objects, the magistrate judge's well-reasoned and thorough R & R is adopted in its entirety. For the reasons set forth above, the government established, by a preponderance of the evidence, that Defendant is guilty of Charges contained Two through Seven, but failed to sustain its burden of proof as to Charge One, which is dismissed. Accordingly, Defendant's supervised release is revoked. A separate scheduling Order for sentencing shall issue.

SO ORDERED.

Dated: Brooklyn, New York
February 16, 2017

/s/
DORA L. IRIZARRY
Chief Judge